UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| EBERAIA FIELDS, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    CAUSE NO.: 3:08-CV-83 TS |
| | ) |
| PUTNAM COUNTY JAIL, | ) |
| | ) |
|     Respondent. | ) |

**OPINION AND ORDER**

Eberaia Fields, a *pro se* prisoner, filed a habeas corpus petition to challenge his January 29, 2003, guilty plea conviction of a misdemeanor offense in Grant County Superior Court for which he received a one-year jail sentence. [Pet. for Writ of Habeas Corpus, DE 1 at 2].

Habeas Corpus petitions are subject to a one-year statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Fields raises four grounds for relief in his habeas corpus petition. These grounds are not based on a newly- recognized constitutional right or newly-discovered evidence. Nor does Fields

suggest that the State of Indiana physically prevented him from filing a habeas corpus petition. Consequently, the deadline to file the habeas petition is determined under 28 U.S.C.§ 2244(D)(1)(A).

In Indiana, a notice of appeal must be filed within thirty days of sentencing. Ind. R. Crim. P. 19.  Although he was permitted to do so, Fields indicates that he did not seek direct appeal in the state courts. [DE 1 at 2]. The petition does not reveal when Fields was sentenced. Under Indiana law, however, sentence must be imposed within thirty days of judgment.[1] Ind. R. Crim. P. 11. Consequently, the latest Fields could have been sentenced was March 1, 2003. Because he did not seek direct review on appeal, the one-year limitation period to file a habeas petition began to run on March 31, 2003, thirty days after his sentencing. It ended on March 31, 2004.

Fields states he filed a petition for post-conviction review on December 21, 2007, which the trial court denied on February 4, 2008. The apparent impetus for those collateral proceedings is Fields' conviction of habitual substance abuse. On October 17, 2007, he was sentenced to ten years in prison for that offense. [DE 1at 9]. The habeas petition suggests that the conviction Fields challenges here was a predicate offense for that conviction and sentence. But, from March 31, 2003, until March 31, 2004, Fields did not have pending "a properly filed application for State post-conviction or other collateral review" as provided by § 2244(d)(2). As a result, the limitation period for this conviction expired on March 31, 2004. Fields signed the habeas petition nearly four years later on February 15, 2008, long after the time to file his habeas petition had passed. Because Fields filed his petition for post-conviction review after the habeas filing

---

[1] The time may be extended for "good cause." Fields does not allege that the sentence was delayed and the record suggests that he has completely served it.

2

deadline passed, it did not trigger the statutory tolling provision under 28 U.S.C. § 2244(d)(2). Therefore, the petition is untimely, and the Court dismisses it pursuant to Rule 4 of the Rules governing habeas corpus. Rule 4 Governing Section 2254 Habeas Corpus ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

For the foregoing reasons, the habeas corpus petition is **DISMISSED** as untimely.

SO ORDERED on June 2, 2008.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION